**MEMO ENDORSED**

**Phillips Lytle LLP**
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/2020
```

<u>Via ECF</u>
Hon. Denise L. Cote
Southern District of New York
500 Pearl Street
New York, New York 10007

March 10, 2020

Re: *Valtus Capital Group, LLC v. Parq Equity Limited Partnership*, 19 Civ. 4737 (DLC)

Dear Judge Cote:

We represent Valtus Capital Group, LLC ("Valtus") in the referenced action. Pursuant to Rule 2(C) of Your Honor's Individual Practices in Civil Cases, Valtus writes to request an informal conference regarding Defendants' refusal to produce documents from Westmont Hospitality Group ("Westmont"). The parties have conducted an unsuccessful meet-and-confer on this issue.

Between 2018 and 2019, Westmont issued Defendants (or "the Company") approximately CAD$272 million via five, interdependent fundings in exchange for a substantial equity position, approximately 55% of the economics of the Company, and majority control of its Board of Directors. The other two owners of the Company are PBC Group ("PBC") and Dundee Corporation ("Dundee"). The Company, which acts solely through the principals of its owners, is producing documents from PBC and Dundee. Yet, despite Westmont being similarly situated, as well as its prior involvement in this litigation, the Company has taken the incorrect position that it is not required to produce Westmont's documents.

Rule 34 requires a party to produce all documents in the scope of Rule 26 and within its "possession, custody, or control." *See* Fed. R. Civ. P. 34(a). The "concept of control" is "highly fact-specific," *Guillory v. Skelly*, 2014 WL 4542468, at *7 (W.D.N.Y. Sept. 11, 2014), but should be "broadly construed . . . ." *N.Y. ex rel. Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y. 2006). "A party has 'control' over documents held by a non-party if it 'has the legal right or practical ability to obtain documents from [that] non-party . . . .'" *Huang v. iTV Media, Inc.*, 2017 WL 706194, at *4 (E.D.N.Y. 2017) (quoting *In re Teligent, Inc.*, 358 B.R. 45, 60 (Bankr. S.D.N.Y. 2006)). The "'ability to obtain documents' ha[s] been found where 'documents ordinarily flow

ATTORNEYS AT LAW

JOSEPH B. SCHMIT   DIRECT 212 508 0481   JSCHMIT@PHILLIPSLYTLE.COM

340 MADISON AVENUE 17TH FLOOR NEW YORK, NY 10173-1922   PHONE 212 759 4888   FAX 212 308 9079
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | OHIO: CLEVELAND | WASHINGTON, DC
CANADA: WATERLOO REGION | PHILLIPSLYTLE.COM

freely between' parent and subsidiary." *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011) (quoting *Hunter Douglas, Inc. v. Comfortex Corp.*, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999)). Courts have found "control" by a subsidiary corporation over documents held by its parent. *E.g., Cooper Indus. v. British Aerospace Inc.*, 102 F.R.D. 918, 919 (S.D.N.Y. 1984); *Ferber v. Sharp Electronics Corp.*, 1984 WL 912479, at *2-4 (S.D.N.Y. Nov. 28, 1984).

The Company's refusal to produce Westmont's documents is unsupported by the law, and undermines the parties' attempt to efficiently complete fact discovery.[1] As a practical matter, the Company is merely an assembly of shell corporations with an extremely limited number of employees (if any), and thus, can only act through its parent corporations. Moreover, Westmont was intimately involved with PBC and Dundee (*i.e.*, the Company's only other principals) in the completion and execution of the financing at the core of this litigation. *See Ferber*, 1984 WL 912479, at *2 ("Control" may be found where "the subsidiary and parent have worked sufficiently closely in the particular field of endeavor that is the subject of the lawsuit to suggest that the subsidiary could be deemed to have constructive control of the information sought—that is, the ready ability to obtain it—even if not actual possession").

There is no doubt that Westmont is controlling the Company and the litigation. Westmont invested CAD$272 million in the Company, controls its board of directors, controls the majority of its economics, and received licensing approval from industry regulators. Westmont is the gatekeeper in getting the litigation resolved. The Company's assertion that it need not produce documents from Westmont is absurd, and a baseless attempt to circumvent standard discovery practices. The Company should be ordered to produce documents from Westmont's files.

Respectfully,

Phillips Lytle LLP

By: /s/ *Joseph B. Schmit*

Joseph B. Schmit

Cc:   All Counsel (**Via ECF**)

Doc #722467

*denied.*

*[signature]*
3/13/20

---

[1]   Valtus is also serving Westmont with a subpoena, making the Company's refusal to turn over the documents sought nothing more than a thinly-veiled delay tactic.