UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
VALTUS CAPITAL GROUP, LLC,                                      :
                                                                :
                           Plaintiff,                           :
                 v.                                             :   Case No. 19CV4737-DLC
                                                                :
PARQ EQUITY LIMITED PARTNERSHIP, PARQ                           :
HOLDINGS LIMITED PARTNERSHIP, PARQ                              :   **CONFIDENTIALITY**
VANCOUVER LIMITED, PARQ VANCOUVER ULC                           :   **AGREEMENT &**
and 1010094 B.C., LTD,                                          :   **STIPULATION**
                           Defendants.                          :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      This agreement and stipulation (the "Agreement") sets forth the terms and conditions pursuant to which Valtus Capital Group, LLC ("Valtus") and Parq Equity Limited Partnership, Parq Holdings Limited Partnership, Parq Vancouver Limited Partnership, Parq Vancouver ULC, and 1010094 B.C. Ltd. (collectively, "Parq") will exchange certain "Confidential Information," as defined below. Parq and Valtus agree to the following:

      1.    Confidential Information Defined. For the purposes of this Agreement, the term "Confidential Information" shall mean information relating to a certain settlement agreement (the "Settlement Agreement") entered into between Parq and Credit Suisse Securities (USA) LLC ("Credit Suisse") on April 30, 2019, and any communications relating to that Settlement Agreement, including the negotiation and drafting thereof (the "Settlement Materials"). For avoidance of doubt, Confidential Information shall not refer to information or materials already known to the receiving party or information or materials that become publicly known or available by some means other than through a violation of this Agreement.

      2.    Obligations of Confidentiality. Parq and Valtus agree to use the same degree of care (and in any event, not less than reasonable care) to safeguard the confidentiality of any Confidential Information that they use as though it was their own information. Parq and Valtus agree to limit any disclosure of the Confidential Information only to those individuals who have a need to know and to advise such persons of their obligations under this Agreement.

3. <u>Use of Confidential Information.</u> Parq and Valtus agree that the Confidential Information will be used solely in connection with pending litigation in New York federal court described below (the "Litigation"):

   i. *Valtus Capital Group, LLC v. Parq Equity Limited Partnership, et. al.,* Case No. 1:19-CV-04737-DLC in the United States District Court for the Southern District of New York

Nothing herein shall preclude or otherwise prevent any party who receives and/or reviews the Confidential Materials from participating in any other proceeding or litigation.

4. <u>Designation of Materials as Confidential Information.</u> Any materials defined as "Confidential Information" pursuant to the terms of Paragraph 1, shall be marked "CONFIDENTIAL - SETTLEMENT MATERIALS" by the producing party. Parq shall designate materials as confidential by creating a coding field for Confidentiality – Settlement Materials and appropriately tagging all documents to be produced. If such measures are not practicable, Parq shall designate the materials as confidential through other feasible means.

5. <u>Non-Disclosure of Confidential Information</u> Confidential Information shall be maintained in confidence and shall not be shared by any party that receives the Confidential Information with any person(s) other than: (a) Parq; (b) counsel of record for Parq; (c) Valtus; (d) counsel of record for Valtus; (e) Credit Suisse; (f) counsel of record for Credit Suisse; (g) expert witnesses, prospective experts, or consultants who are employed or retained by Parq or Valtus in connection with the Litigation, provided that counsel, in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the party responsible for its creation; (h) any author or original recipient of the Confidential Information; (i) deponents and witnesses in the Litigation, where such disclosure is reasonably necessary for the purposes of trial preparation, or discovery; (j) the District Court for the Southern District of New York, County of New York; (k) professional vendors of litigation services to whom disclosure is reasonably necessary for purposes of the Litigation, including deposition videographers, court reporters and their staffs; and (l) any other person, with the express written authorization of the producing party, or upon court order.

Confidential Information may be shown to persons described in paragraphs 5(g), (i), (k), and (l) only on the condition that counsel for Valtus or counsel for Parq provides a copy of this Agreement to such person(s) and such person(s) execute an Acknowledgment and Agreement in the form annexed as Exhibit A hereto prior to receiving such materials.

6. <u>Challenges to Confidential Designation.</u>  If counsel for Valtus objects to the designation of certain documents or information as Confidential hereunder, Valtus may, at any time, notify both Parq and Credit Suisse in writing that Valtus does not concur in the designation of a document or other material as Confidential.  If either Parq or Credit Suisse does not agree to the declassification of such document or other material, within fourteen (14) days of the written notification Parq shall seek court intervention to maintain the confidentiality of those documents or materials.  If no such intervention is sought, such documents or materials shall be declassified.  If Court intervention is sought, the documents or other materials shall be treated as designated unless and until the Court rules otherwise.  On such a motion, Parq bears the burden of establishing the propriety of the designation of documents or information as Confidential.

7. <u>Filing of Confidential Information</u>  ~~All Confidential Information filed in any court, and all portions of pleadings, motions, or other papers filed with a court that disclose Confidential Information shall be filed in redacted form, with all Confidential Information redacted, along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the relevant court, and provided to the Court and all parties entitled to receive such Confidential Information.~~

Counsel shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information used in the course of any court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the court in which the materials are to be used for resolution.

8. <u>Disclosure Required by Law.</u>  In the event that a recipient of the Confidential Information under this Agreement is required, by interrogatories, subpoena, civil investigative demand, demand or inquiry from a regulatory body or agency, or similar legal process or applicable law or regulation, to disclose any Confidential Information received from either party, it is agreed that the receiving party will provide the disclosing party with prompt notice

of such event so that the disclosing party may seek a protective order or other appropriate remedy or affirmatively waive compliance with the applicable provisions of this Agreement.

In the event such protective order or other remedy is not obtained and disclosure of Confidential Information is required under law, Parq or Valtus: (i) may, without liability hereunder, furnish that portion (and only that portion) of the Confidential Information that it is legally required to disclose, and (ii) will exercise reasonable efforts to have confidential treatment accorded to the Confidential Information so furnished. Nothing herein shall be construed as requiring Parq or Valtus or anyone else covered by this Agreement to challenge or appeal any order directing production of Confidential Information, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from any court.

9. <u>No Waiver.</u> The failure to designate any materials as Confidential does not constitute a waiver of such claim. If at any time any party determines or realizes that some portion of the material(s) that were previously produced should be designated as Confidential Information, that party may notify the other party in writing, and such designated material(s) will thereafter be treated as Confidential Information under the terms of this Agreement, provided that the disclosing party shall, at its cost, provide the receiving party with substitute copies, bearing the appropriate legend, of any such materials. If such information has been disclosed by the receiving party between the time of production and the time at which the disclosing party gives notice that the materials are to be designated as Confidential Information, such disclosure does not constitute a violation of this Agreement.

10. <u>No Waiver of Objection To Admissibility.</u> Nothing in this Agreement shall be deemed to be a waiver of Parq's right to object to or challenge the admissibility of any of the Confidential Information produced pursuant to this Agreement, nor does this Agreement represent an acknowledgment by Parq that such information is admissible at trial.

11. <u>Term.</u> This Agreement will terminate upon termination of the Litigation listed above. Following termination of this Agreement, all Confidential Information shall be promptly returned to the disclosing party. However, the foregoing obligation to return Confidential Information shall not extend to Confidential Information that (i) the receiving party is obligated to retain pursuant to applicable law, rule, court order, regulation, or code of professional ethics or standards or (ii) is contained in any computer files or documents that

have been created as a result of the receiving party's automatic archiving or backup procedures. All such Confidential Information shall otherwise remain subject to the terms of this Agreement.

Further, the obligations of Parq and Valtus under this Agreement with respect to the Confidential Information will continue in full force and effect for a term of three (3) years from the date of disclosure of the Confidential Information pursuant to the terms of this Agreement or at the termination of this Agreement, whichever is later.

12. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement among Parq and Valtus with respect to the subject matter hereof and supersedes all prior agreements and understandings oral or written among the parties with respect to the subject matter hereof.

13. <u>Governing Law and Jurisdiction.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York without giving effect to its choice of law principles, and any legal action arising out of this Agreement or relating to the Confidential Information or Parq's or Valtus' obligations in relation thereto, shall be brought only in the federal or state courts within the State of New York.

14. <u>Equitable Remedies.</u> Parq and Valtus acknowledge that the disclosure or use of any Confidential Information could cause the disclosing party irreparable injury for which there would be no adequate remedy at law. Accordingly, in the event either party breaches or threatens to breach any provision of this Agreement, Parq or Valtus shall be entitled to seek an injunction restraining the other party from using in whole or in part any Confidential Information or to compel compliance with any provision of this Agreement by specific performance, in addition to any other remedies available in equity or at law.

15. <u>Modification; Waiver.</u> This Agreement may be amended or modified only upon the mutual written consent of both of the parties hereto, with written notice to Credit Suisse. Any failure of Parq or Valtus to comply with any of the obligations or agreements set forth in this Agreement may be waived only by written instrument signed by both parties. The failure of either Parq or Valtus to enforce any of the provisions of this Agreement for any period of time shall not be construed as a waiver of such provisions or of the right of either party to enforce each and every provision in the future.

16.     <u>Severability.</u>  If any provision of this Agreement shall be held invalid, unenforceable or illegal, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby, and such provisions shall be enforced to the fullest extent possible in accordance with the mutual intent of the parties hereto.

17.     <u>Successors and Assigns.</u>  The parties agree that this Agreement shall be binding upon and enforceable against their successors and assigns.

18.     <u>Counterparts.</u>  This Agreement may be executed in multiple counterparts.  The parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

Case 1:19-cv-04737-DLC Document 85-1 Filed 04/22/20 Page 6 of 8

Confirmed and Agreed to:

| | |
|---|---|
| Phillips Lytle LLP | Katten Muchin Rosenman LLP |
| By: /s/ Joseph B. Schmit | By: /s/ David A. Crichlow |
| Joseph B. Schmit<br>Richard Weingarten | David A. Crichlow<br>Karen B. Dine<br>Craig A. Convissar |
| *As Counsel for Valtus Capital Group, LLC* | *As Counsel for Parq Equity Limited Partnership, Parq Holdings Limited Partnership, Parq Vancouver Limited Partnership, Parq Vancouver ULC, and 1010094 B.C. Ltd. (collectively "Parq")* |
| Date:  April 20, 2020 | Date:  April 20, 2020 |

**SO ORDERED:**

Dated: April 21, 2020

_____
DENISE COTE
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
VALTUS CAPITAL GROUP, LLC,                                  :
                                                            :
                              Plaintiff,                    :
                      v.                                    :   Case No. 19CV4737-DLC
                                                            :
PARQ EQUITY LIMITED PARTNERSHIP, PARQ                       :
HOLDINGS LIMITED PARTNERSHIP, PARQ                          :
VANCOUVER LIMITED, PARQ VANCOUVER ULC                       :
and 1010094 B.C., LTD,                                      :
                              Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ACKNOWLEDGMENT & AGREEMENT

I, _____, declare under penalty of perjury, the following:

I reside at the City/County of _____ and State of _____

I have read the annexed Agreement[1], dated _____, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Agreement and consent to the jurisdiction of New York for the limited purposes of enforcing its terms.

I will not divulge to persons other than those specifically authorized by the Agreement, and will not copy or use, except solely for the purpose of the Litigation, any information designated as Confidential.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed:_____          Date:_____

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Agreement.