```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    19cv4737 (DLC)
VALTUS CAPITAL GROUP, LLC,               :
                                         :         ORDER
                    Plaintiff,           :
        -v-                              :
                                         :
PARQ EQUITY LIMITED PARTNERSHIP, PARQ    :
HOLDINGS LIMITED PARTNERSHIP, PARQ       :
VANCOUVER LIMITED PARTNERSHIP, PARQ      :
VANCOUVER ULC, and 1010094 B.C. LTD.,    :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On May 22, 2019, Valtus Capital Group, LLC ("Valtus") filed this action against Parq Equity Limited Partnership and its affiliates (collectively, the "Defendants").  In an order of October 9, 2019, the Court granted the Plaintiff's motion for partial summary judgment, finding that the Defendants were liable for fees in the amount of $910,180.34 plus prejudgment interest under an agreement (the "PPA") between Valtus and the Defendants.

On February 21, 2020, plaintiff moved for entry of partial final judgment pursuant to Rule 54(b), Fed. R. Civ. P. Defendants filed their opposition on March 13.  The motion became fully submitted on March 27.

The February 21 motion is denied.  Rule 54(b) authorizes entry of a final judgment before all of the claims against each

party to a lawsuit have been adjudicated "where: (1) there are multiple claims or parties; (2) at least one of the claims or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay."  Transportation Workers Union, Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007) (citation omitted).  The party seeking a Rule 54(b) judgment must show "that the issues are sufficiently separable . . . [and] that the equities favor entry of such judgment."  Novick v. AXA Network, LLC, 642 F.3d 304, 314 (2d Cir. 2011).

A "district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated."  Novick, 642 F.3d at 311 (2d Cir. 2011) (citation omitted).  Furthermore, partial final judgment is only appropriate where "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  Grand River Enter. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted); see also Novick, 642 F.3d at 314 ("[I]t is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show . . . that the equities favor entry of such a judgment.").

Valtus seeks the entry of partial final judgment in relation to the fees it is due under the PPA and pursuant to the

October 9 order.  The parties do not dispute the finality of the fees adjudicated in the October 9 order.  Valtus has not, however, shown that the remaining issues in this action are severable from those decided in the October 9 opinion.  Indeed, Valtus has taken the position throughout this litigation that the fees it is due pursuant to each transaction under the PPA are linked.

Nor has Valtus shown that it would suffer hardship without the entry of judgment.  Valtus's motion hinges on the financial burden of waiting for the final adjudication of this case before it is paid the fees due pursuant to the October 9 opinion.  That does not demonstrate the hardship or injustice that a Rule 54(b) certification requires.

Accordingly, it is hereby

ORDERED that the February 21 motion is denied.

Dated:    New York, New York
          June 16, 2020

_____
DENISE COTE
United States District Judge